UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL LAMAR PRESSLEY,

                                    Plaintiff,

vs.

SAN DIEGO EMT STAFF,
GROSSMONT HOSPITAL, VISTA
DETENTION DEPUTY, CENTRAL
JAIL DEPUTIES,

                                    Defendants.

Case No.:  3:24-CV-1940 JLS (MMP)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)**

(ECF No. 24)

## I.    INTRODUCTION

Plaintiff Michael Lamar Pressley ("Plaintiff" or "Pressley"), an inmate who is representing himself, is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On June 9, 2025, the Court granted Pressley's application to proceed in forma pauperis ("IFP") and dismissed the original complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* ECF No. 11.  The Court also granted Plaintiff leave to amend his pleading. *See id.*  After several extensions of time, Pressley filed a First Amended Complaint on February 5, 2026.  ECF No. 24 ("FAC").  In it, Pressley alleges

1

Defendants used excessive force against him, in violation of the Fourth and Fourteenth Amendments, and prevented him from filing administrative grievances in violation of the First Amendment. *See id.* For the reasons discussed below, the Court dismisses the FAC without prejudice for failure to state a claim.

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A.   Legal Standard

As discussed in this Court's previous screening order, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and sua sponte dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

### B.   Plaintiff's Allegations

In the FAC, Pressley alleges that on "March 15 or 17 of 2024," he was "inside an EMT truck . . . headed to Grossmont Hospital" when "an employee of Grossmont Hospital" was "physically abusive." FAC at 3. After arriving at the hospital, a sheriff deputy placed Pressley "under arrest." *Id.* Pressley required stiches in his face. *Id.*

On "April 15 or 17 [of] 2024," Pressley was at Hillcrest Hospital for an unspecified reason. *Id.* at 4. Pressley was shackled by his legs and hands and secured to the hospital

3:24-cv-1940-JLS-MMP

bed. *Id.* "C/O Gills"[1] was angry with Pressley for "exercising his 1st Amendment rights" and assaulted Pressley while he was restrained and posed "no threat." *Id.* Plaintiff states he was "shot," but does not describe the incident further.[2] *Id.*

At some point thereafter, Pressley was taken to San Diego Central Jail. While there, Pressley states he was thrown in "the hole" and was unable to "get grievance [or] complaint forms." *Id.* This prevented Plaintiff from reporting previous incidents of misconduct. *Id.*

On June 30, 2024, Pressley was at Vista Detention Facility. *Id.* at 5. He was again denied inmate grievance forms by staff. *Id.* At some point, an "unknown deputy" threw Pressley "out of his wheelchair." *Id.* Sometime thereafter, Pressley began spitting up blood and was taken to the hospital where x-rays showed his "lungs [were] full of blood." *Id.* Pressley states his lung was "punctured" and he was eventually transferred to UCSD Hospital "Trauma Unit" for treatment. *Id.*

**C.    Discussion**

In his FAC, Pressley claims Defendants violated his rights pursuant to 42 U.S.C. § 1983. Specifically, he alleges three instances of excessive force occurring in March, April, and June of 2024. *Id.* at 3–6. Pressley also appears to allege his First Amendment right to access to courts was violated when he was unable to obtain administrative grievance forms. *Id.* Pressley names four Defendants: San Diego EMT Staff, Grossmont Hospital, San Diego Central Jail Deputies, and Vista Detention Deputy. *Id.* at 1–2. He seeks $1,000,000 in damages. *Id.* at 7.

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

---

[1] Gills is not named as a defendant in the FAC.

[2] In his original complaint, Pressley alleged he had been "tased" while at the hospital on April 17, 2024. *See* ECF No. 1 at 5–6.

### 1.   *Excessive Force Claims*

Pressley alleges excessive force was used against him on three different occasions: one prior to his arrest and two while in pretrial detention.  *See* FAC at 3–5.  The legal standard for excessive force claims is different for pre-arrest conduct and post-arrest conduct.

The Fourth Amendment's "objective reasonableness" standard governs claims of excessive force during an arrest, investigatory stop, or other seizure.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  If an individual is arrested without a warrant, the Fourth Amendment applies "up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest."  *Pierce v. Multnomah Cnty.*, 76 F.3d 1032, 1043 (9th Cir. 1996).  Objective reasonableness is determined "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  *Graham*, 490 U.S. at 397.

The Due Process Clause of the Fourteenth Amendment governs excessive force claims brought by pre-trial detainees.  *Id*. at 395 n.10; *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979).  The due process standard under the Fourteenth Amendment is also an objective one, by which "a pretrial detainee must show . . . that the force purposely or knowingly used against him was objectively unreasonable."  *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015).  Although not exclusive, the Supreme Court has identified several factors that a court may consider in determining the reasonableness or unreasonableness of the force used: (1) "the relationship between the need for the use of force and the amount of force used"; (2) "the extent of the plaintiff's injury"; (3) "any effort made by the officer to temper or to limit the amount of force"; (4) "the severity of the security problem at issue"; (5) "the threat reasonably perceived by the officer"; and (6) "whether the plaintiff was actively resisting."  *Id*. at 397.

#### a.   EMT Staff and Grossmont Hospital

In his first claim, Pressley alleges that while he was being transported to the hospital via ambulance (and prior to his arrest), a San Diego EMT who was "an employee of

Grossmont Hospital" used excessive force against him.  FAC at 3.  Plaintiff appears to name both Grossmont Hospital and its "San Diego EMT Staff" as Defendants as to this claim.  *Id.* at 2.

Pressley has failed to state a claim against either "San Diego EMT Staff" or Grossmont Hospital because he has not sufficiently alleged state action. As a general matter, private hospitals and medical officials are not state actors and therefore cannot be sued under § 1983.  *See Briley v. California*, 564 F.2d 849, 855–56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section"); *see also Babchuk v. Indiana Univ. Health, Inc.*, 809 F.3d 966, 970–71 (7th Cir. 2016).  And as to Defendant "San Diego EMT Staff," in the body of the FAC, Pressley states the EMT who assaulted him was an "employee of Grossmont Hospital."  *See* FAC at 3.  While Plaintiff might be able to hold these defendants liable if the FAC alleged facts sufficient to plausibly show that either Grossmont Hospital or the EMT staff contracted directly with the State or municipality to provide medical services to individuals within their custody, Plaintiff's FAC contains no such allegations.  *See Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation of joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [the defendants] acted under color of state law or authority.") (cleaned up).  As such, Pressley has failed to allege state action as to Defendants Grossmont Hospital and San Diego EMT Staff.  *See West v. Atkins*, 487 U.S. 42, 53–54 (1988); *see also Rojas v. Johnson*, No. 17-CV-01287-JAH-JMA, 2017 WL 4245728, at *3 (S.D. Cal. Sept. 25, 2017) (dismissing § 1983 claims against USCD Emergency Room and an unidentified EMT where the plaintiff failed to plausibly allege either of the purported parties were acting under color of state law).

Thus, because Plaintiff has failed to allege any facts demonstrating that Grossmont Hospital or EMT staff were acting under color of state law, he has failed to state an excessive force claim against Defendants Grossmont Hospital and "San Diego EMT Staff." *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

b.    Unnamed Defendants

As he did in his original complaint, Pressley has again named "Vista Detention Deputy" and "Central Jail Deputies" as Defendants. ECF No. 24 at 2.

First, the Court again notes that while the Federal Rules of Civil Procedure neither authorize nor prohibit the use of fictitious parties, Rule 10 requires a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor "Doe" pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish[] the information necessary to identify the defendant"). Nonetheless, "[a] plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights."[3] *Cuda v. Employees/Contractors/Agents at or OCCC*, No. 19-84 DKW-KJM, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019).

Here, while Pressley names "Vista Detention Deputy" as a Defendant, in the body of the FAC Pressley also references a "Deputy John Doe" who purportedly used excessive force against him while he was a pre-trial detainee at Vista Detention Facility. *See* FAC at 5. It is not clear whether "Deputy John Doe" is the same person as Defendant "Vista Detention Deputy." Nonetheless, Plaintiff fails to state a claim against either. Pressley states "[a]n unknown deputy . . . (John Doe) thr[ew] Pressley out of his wheelchair when Pressley refused medical treatment." *Id.* At some point thereafter, Pressley was hospitalized with a "punctured lung." *Id.* But it is unclear from the sparse facts alleged

---

[3] A plaintiff may also seek discovery to obtain the names of the Does and later amend his pleading in order to substitute the true names of those defendants, unless it is clear that discovery will not uncover their identities, or that his complaint is subject to dismissal on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

3:24-cv-1940-JLS-MMP

what caused Plaintiff's punctured lung. As currently pleaded, the vague facts, unclear timeline and murky references to "Vista Detention Deputy," "Unknown Deputy," and "John Doe" make it impossible for the Court to determine who Pressley is alleging to have done what and what specific conduct caused Plaintiff's injury. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976) (stating a plaintiff must allege that he suffered a specific injury because of specific conduct of a specific defendant and show an affirmative link between the injury and the conduct of that defendant). Therefore, Plaintiff has failed to state a claim against Vista Detention Deputy.

In addition, Plaintiff has failed to allege sufficient facts to state a claim against "Central Jail Deputies." As discussed above, even when the identity of a defendant is unknown, a plaintiff must allege facts sufficient to show how each unknown individual violated their constitutional rights. Plaintiff may not attribute liability to a group of defendants but must "set forth specific facts as to each individual defendant's" deprivation of his rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Pressley refers to "Central Jail Deputies" only collectively. In addition, the three instances of alleged excessive force took place in an ambulance on the way to Grossmont Hospital, at Hillcrest Hospital, and at Vista Detention Facility. *See* FAC at 3–5. Pressley alleges no facts indicating how "Central Jail Deputies" were involved in any of the incidents. As such, Plaintiff has failed to state a claim.

Accordingly, as currently pled, Plaintiff has failed to state an excessive force claim against Defendants "Vista Detention Deputy" and "Central Jail Deputies." *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2. *First Amendment Claim*

Pressley also appears to allege his First Amendment right to access to courts was violated when Defendants "Central Jail Deputies" and "Vista Detention Deputy" refused his requests for forms used for submitting administrative grievances about the conditions of his detention. *See* FAC at 4–5.

///

3:24-cv-1940-JLS-MMP

"[P]risoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right is only violated if the prisoner has suffered "actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim, *id*. at 353, 353 n.3. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Phillips v. Hust,* 477 F.3d 1070, 1076 (9th Cir. 2007). In other words, to state a claim based on denial of access to courts, a plaintiff must show that he was actually "shut out" of court. *Christopher*, 536 U.S. at 415; *see also Lewis*, 518 U.S. at 348 (Actual injury requires a showing of "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim").

Here, Pressley fails to allege specific conduct by any individual. While he references deputies at Central Jail and Vista Detention, Pressley fails to ascribe any individual conduct to any individual defendant, named or unnamed. Instead, Pressley offers only general allegations regarding the failure of jail deputies to provide him with administrative grievance forms on some occasions, but he never specifies whom he asked for such forms or when he did so. Moreover, Pressley has failed to allege actual injury. That he was denied forms on one or more occasion is insufficient to show "actual prejudice with respect to contemplated or existing litigation." *See Lewis*, 518 at 348. Therefore, Pressley has failed to state a First Amendment claim against any Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

**D.    Leave to Amend**

Given Plaintiff's pro se status, the Court **GRANTS** him one final opportunity to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a *pro se* complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

/ / /

### III.    CONCLUSION AND ORDER

Accordingly, the Court:

1.    **DISMISSES** the First Amended Complaint (ECF No. 24) in its entirety for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2.    **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order.  Plaintiff's Second Amended Complaint must be complete by itself without reference to his original Complaint.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  April 10, 2026

Hon. Janis L. Sammartino
United States District Judge

3:24-cv-1940-JLS-MMP